IN THE MATTER OF HOWARD C. TRUEGER, AN
ATTORNEY-AT-LAW.

April 29, 1983.

*Thomas R. Curtin* argued the cause for the District X Ethics Committee on Docket No. DRB 80–226.

*Lawrence Litwin* argued the cause for the District X Ethics Committee on Docket No. DRB 82–155.

*Edward D. McKirdy* argued the cause for the respondent.

## ORDER

The Disciplinary Review Board having filed a report recommending that HOWARD C. TRUEGER of MORRISTOWN be

publicly reprimanded for his negligent failure to represent clients adequately, in violation of *DR.* 1–102(A)(4), *DR.* 6–101(A)(1) and *DR.* 7–101(A)(1), (2) and (3);

And the Disciplinary Review Board further recommending that respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including the production of transcripts, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that HOWARD C. TRUEGER be and hereby is publicly reprimanded for his violation of *DR.* 1–102(A)(4), *DR.* 6–101(A)(1) and *DR.* 7–101(A)(1), (2) and (3); and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of this matter, be added as a permanent part of the file of said HOWARD C. TRUEGER as an attorney at law of the State of New Jersey; and it is further

ORDERED that HOWARD C. TRUEGER reimburse the Administrative Office of the Courts for appropriate administrative costs, including the production of transcripts.

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon two presentments filed by the District X Ethics Committee for Morris County. The presentment docketed as DRB 80–226 concerns the respondent's neglect of a civil suit for damages which led to dismissal of the suit for failure to take the necessary steps to consummate the settlement effected in the matter. The second presentment docketed as DRB 82–155 similarly concerns respondent's failure to properly pursue a case, thereby permitting the entry of a judgment against his client. Thereafter, he misrepresented the status of the case to his client and failed to act to set aside the judgment.

## I. 80–226—QUAKER STATE

The record reveals that the respondent was retained by Quaker State Oil Refining Corporation and its representative, Advance Collection Systems, Inc., in mid-1976 to represent the corporation in a civil suit. Although the matter was initially filed in the Superior Court of New Jersey, it was soon removed to Federal Court. In March of 1977, the case was remanded to the Superior Court, State of New Jersey. During the course of the litigation in the Law Division, Superior Court, the respondent failed to comply with three separate orders to file plaintiff's brief on the question of a class action certification. The third order dated July 12, 1977, included a requirement that plaintiff's attorney provide certain outlined discovery. In September, the defendant moved before the court for the imposition of sanctions, including dismissal of the complaint, for failure to comply with the three court orders. No papers were filed in opposition to that motion, and the complaint and counterclaim were dismissed on September 27, 1977 without prejudice, subject to reinstatement provided plaintiff paid the attorney's fees of the defendant then owed, which amounted to $4,399.50. In May of 1978, a new complaint was filed by respondent, although the required payment of counsel fees had not been made. In early February of 1979, the defendant's motion to dismiss the complaint for failure to pay those fees was heard, and respondent was then ordered to pay counsel fees by February 15, 1979. The matter was later settled between the parties, although the settlement itself was not completed until early 1980 following intervention by the respondent's partner.

During the pendency of this matter, the respondent failed to respond to his client's many inquiries and to keep his client advised of the status of the matter. In fact, he did not inform the client company of the dismissal of the case and terms of reinstatement until long after the dismissal was entered. The numerous requests by the client for action and a status report

were either completely ignored or resulted in empty promises by respondent that he would take action.

At the ethics hearing, the respondent admitted that he neglected the matter and failed to keep his client advised of the status of the case. His defense consisted of his representation that, at the time the Quaker State matter was pending, he had certain personal matrimonial and medical problems which adversely impacted on his work.

The Committee concluded that the respondent's conduct violated *DR* 1–102(A)(6), *DR* 6–101(A)(1), and *DR* 7–101(A)(1), (2) and (3).

At the hearing before the Disciplinary Review Board, the respondent indicated that the non-payment of attorney's fees was occasioned by respondent's purported challenge to the reasonableness of those fees. In addition, respondent stated that he advised the client that he had mishandled the case prior to filing of the ethics complaint, and had also waived his fees and made up the approximately $2,000 difference between the $8,000 settlement and the $10,000 which the client would have realized had the matter proceeded properly. Furthermore, the respondent stated that he sought professional help regarding his personal problems and that steps have been taken to insure that his workload is manageable so that a similar situation cannot recur.

## II. DRB 82–155—FLEMING

In July of 1978, the respondent was retained by Forrest R. Fleming, Jr. to represent his interests as defendant in a civil action. Respondent received an initial retainer of $1,000.

In accordance with respondent's request, Mr. Fleming prepared draft responses to interrogatories and returned them to respondent by November 10, 1978. The parties agreed at hearing before the Ethics Committee that the answers required a minimum of additional work prior to being served on the plaintiff in the civil action. The respondent failed to complete and serve these interrogatories. As a result, a motion to suppress

the defenses of Fleming for failure to answer interrogatories was made, returnable May 17, 1979. Respondent received an adjournment to June 15, 1979. An Order suppressing Fleming's defenses was thereafter entered on June 18, 1979. Respondent does not recall receiving a copy of the order. Although he clearly knew of the existence of the Motion to suppress, he did not attempt to complete and forward to plaintiff the answers to interrogatories which were in his file, nor did he attempt to vacate the order.

Following their initial meeting in 1978, respondent and Fleming had no contact, except by telephone, until February of 1980. In addition to discussing another matter peripherally related to the civil suit, respondent assured his client that the civil action would proceed to trial that summer. In March the respondent received a trial notice which indicated the case was scheduled for trial in June on proofs only, not on the merits. Respondent advised his client during a meeting later that month that the matter was scheduled for trial in June.

On April 2, 1980, an Order of Judgment forwarded by plaintiff's attorney to the Superior Court Clerk in Trenton was rejected because it had not been presented to a judge on notice to the defendant. The appropriate documents were sent to the Essex County Clerk on May 1, 1980 with the request that a default judgment be entered. The respondent was forwarded a copy of that transmittal letter. On June 11, 1980, judgment was entered and a copy of that judgment was forwarded to respondent. The respondent thereafter failed to notify his client of the existence of the judgment and further failed to take any action to vacate the judgment. He claimed that he had no notice of its entry, although his office may have received the notices.

Rather than attempting to reinstate the case, respondent attempted to dispose of the matter by arranging a settlement conference with the plaintiff. No remedy was effected.

In July of 1980, Fleming consulted with another attorney. When contacted by that attorney, respondent blatantly misrep-

resented the status of the case to him. The other attorney subsequently learned the true status of the case and confronted the respondent, who apologized and agreed to assist Fleming in vacating the judgment. The judgment was later conditionally set aside by new counsel, without the promised assistance by respondent.

The respondent advised the Ethics Committee that his failure to notify his client of the entry of judgment as well as his failure to act to have that judgment vacated resulted from an overload of cases which caused a failure to properly pursue the case.

The District X Ethics Committee concluded that respondent withheld information concerning the case from his client and his client's new attorney and furthermore misrepresented the status of the case, all in violation of DR 6–101(A)(1). Furthermore, the Committee concluded that respondent was grossly negligent in violation of DR 6–101(A)(1) in failing to respond to the Motion to Suppress Defenses; to take action with regard to the answers to interrogatories; to take action with respect to the application to enter judgment, and to act to set aside the judgment. The Committee also concluded that the respondent had failed to zealously represent his client, in violation of DR 7–101(A)(1), (2) and (3).

At hearing before the Board on this presentment, the respondent again stated that during the time of the events in question, he was experiencing personal problems and was so overloaded with work that he was "paralyzed" in his practice. His personal problems have been remedied and he has reduced the number of cases he handles and has instituted numerous office safeguards to avoid similar situations. For the past several years, he has had no further problems and no further complaints have been filed.

## CONCLUSION AND RECOMMENDATION

Based upon a review of the full record and following oral argument, the Board is satisfied that the conclusions of the

Committee, in finding unethical conduct on the part of respondent, are fully supported by clear and convincing evidence. It is undisputed that the respondent's neglect caused significant problems in the litigation of his clients' cases. In addition, he failed to keep his clients apprised of the status of their matters. Similarly, in *Fleming*, the status was misrepresented to both the client and the client's new attorney. Respondent has therefore violated *DR* 1–102(A)(4), *DR* 6–101(A)(1) and *DR* 7–101(A)(1), (2) and (3).

The Board is aware of respondent's recognition of his own problems, both personal and professional, and of his apparently successful attempts to remedy these difficulties. Additionally, the Board has given particular weight to the fact that respondent has not had recurring difficulties over the past two years. Under the circumstances, the Board recommends that the respondent be publicly reprimanded for his conduct. The Board further recommends that respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

By: /s/ A. Arthur Davis, 3rd
A. Arthur Davis, 3rd
Chairman

DATED: Feb. 1, 1983